IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>GALLERIA WEST LOOP INVESTMENTS, LLC,<br>       Debtor.<br><br>ALI CHOUDHRI,<br>       Appellant. | Bankr. Case No. 24-32143<br>(Chapter 7)<br><br><br><br>Civil Action No. 4:24-cv-02831 |

**VERITEX COMMUNITY BANK'S MOTION TO DISMISS APPEAL**

Veritex Community Bank ("Veritex"), by and through its undersigned counsel, hereby moves for dismissal of the present appeal and, in support hereof, respectfully states as follows:

**SUMMARY OF RELIEF REQUESTED**

1. This appeal arises from an Order dated July 10, 2024 [Dkt. #92][1] entered by Judge Marvin Isgur of the United States Bankruptcy Court for the Southern District of Texas denying Appellant's Motion for Reconsideration of the court's Order authorizing Veritex to foreclose on the Debtor's real property located at 50 Briar Hollow Lane, Houston, Texas 77027 (the "Property").

2. Appellant filed his Notice of Appeal on July 26, 2024, after the fourteen-day deadline imposed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), meaning the District Court lacks jurisdiction to

---

[1] All docket references are to the above-captioned bankruptcy case of Galleria West Loop Investments, LLC (the "Debtor" or "GWLI"), Case No. 24-32143, unless otherwise noted.

consider this appeal. Appellant has also failed to designate items for the record and state the issues on appeal within the fourteen-day deadline imposed by Rule 8009(a).

3. Accordingly, Veritex requests entry of an order dismissing this appeal.

## BACKGROUND

4. On May 31, 2024, the Bankruptcy Court held a final hearing on Veritex's Motion for Relief from the Automatic Stay [Dkt. #3], pursuant to which Veritex sought authority to foreclose on the Property. The court found that the Debtor's bankruptcy case was filed in violation of an Order entered by the U.S. Bankruptcy Court for the Western District of Texas dismissing the Debtor's prior chapter 11 bankruptcy case with prejudice [Case No. 23-50027-cag, Doc #81].[2] Thus, Veritex's request for stay relief was moot, because, under 11 U.S.C. § 362(b)(21), the automatic stay did not preclude enforcement of Veritex's liens against the Property.

5. On June 4, 2024, the Bankruptcy Court entered its Final Order on Veritex's Motion for Relief from the Automatic Stay [Dkt. #44] declaring the motion to be moot and authorizing Veritex to foreclose on the Property. Veritex foreclosed on the Property that same day.

6. On June 17, 2024, Appellant filed a Motion for Reconsideration or Modification [Dkt. #72] of the Final Order on Veritex's Motion for Relief from Stay. Veritex filed an Objection to Appellant's Motion on July 8, 2024 [Dkt. #91].

---

[2] The Debtor filed a voluntary chapter 11 bankruptcy case on January 3, 2023, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, Case No. 23-50027-cag. On July 24, 2023, Judge Craig A. Gargotta entered an *Agreed Order Dismissing Chapter 11 Bankruptcy Case with Prejudice* [No. 23-50027, Doc #81] dismissing the case with prejudice and barring any subsequent bankruptcy filings by *or against* the Debtor for three years.

7. On July 10, 2024, the Bankruptcy Court entered an Order Denying Appellant's Motion for Reconsideration [Dkt. #92] (the "<u>Order</u>"), which is the Order from which this appeal arises.

8. On July 26, 2024, Appellant filed his Notice of Appeal of Order Denying Reconsideration or Modification [Dkt. #101] (the "<u>Notice of Appeal</u>"). Appellant's Notice of Appeal is untimely under Rule 8002(a), and Appellant has not sought leave to file an appeal outside the fourteen-day period prescribed in Rule 8002. In addition, Appellant failed to file his designation of items for the record and statement of issues on appeal within the period prescribed in Rule 8009(a)(1).

## ARGUMENT AND AUTHORITIES

### A. The District Court Lacks Jurisdiction to Consider this Appeal Because Appellant's Notice of Appeal was Untimely

9. Rule 8002(a)(1) requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1).

10. Appellant's failure to timely file the Notice of Appeal within the period prescribed by Rule 8002(a) deprives the District Court of jurisdiction and mandates dismissal of this appeal. *Matter of Payne*, No. 23-10570, 2023 WL 7314356, at *1 (5th Cir. Nov. 6, 2023) ("[F]ailure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal.") (quoting *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000)); *Matter of Topco, Inc.*, 894 F.2d 727, 733 n. 7 (5th Cir. 1990) ("The time limit [for appeals under Rule 8002] is jurisdictional and cannot be waived."); *see also* FED. R. BANKR. P. 8003(a)(2) ("An appellant's failure to take any step ***other than***

the timely filing of a notice of appeal does not affect the validity of the appeal") (emphasis added).

11.     The Bankruptcy Court signed the Order Denying Appellant's Motion for Reconsideration [Dkt. #92] on July 10, 2024, and the Order was entered on the docket that same day.  *See* FED. R. BANKR. P. 8002(a)(5) ("[an]… order… is entered for purposes of this Rule 8002(a) when it is entered on the docket…").  Thus, Appellant's deadline to appeal the order under Rule 8002(a)(1) was July 24, 2024, but Appellant did not file the Notice of Appeal until July 26, 2024.

12.     Appellant has not filed a motion to extend the deadline for filing the Notice of Appeal, and Appellant's deadline to request any such extension has expired. Under Rule 8002(d), any motion to extend the time for filing an appeal must be filed "(A) within the time prescribed by [Rule 8002]; or (B) within 21 days after that time, if the party shows excusable neglect."  FED. R. BANKR. P. 8002(d)(1).  Appellant's deadline to file the Notice of Appeal expired on July 24, 2024, meaning the deadline for Appellant to move for an extension of time based on excusable neglect expired on August 14, 2024; twenty-one days thereafter.  *Id.*  Given that Appellant can no longer request an extension of time to appeal, the Notice of Appeal is conclusively untimely under Rule 8002.

13.     Accordingly, the District Court lacks jurisdiction and must dismiss the present appeal.

B. **Appellant's Failure to Comply with FED. R. BANKR. P. 8009(a) is Additional Grounds for Dismissal**

14. Rule 8009(a) required Appellant to file and serve a designation of items for the record and a statement of issues on appeal within fourteen days after filing the Notice of Appeal; *i.e.*, on or before August 9, 2024. FED. R. BANKR. P. 8009(a)(1). This requirement is also stated in the Notice of Filing Appeal filed by the Clerk of Court [Dkt. #102].

15. The District Court has authority and discretion to dismiss this appeal for Appellant's failure to comply with FED. R. BANKR. P. 8009(a)(1). *Matter of Payne*, 2023 WL 7314356, at *1; *In re CPDC Inc.*, 221 F.3d at 698-99; FED. R. BANKR. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal… is ground only for the district court or BAP to act as it considers appropriate, ***including dismissing the appeal***.") (emphasis added).  "In exercising its discretion to dismiss a bankruptcy appeal for nonjurisdictional defects, the district court should consider what sanctions are appropriate, the prejudicial effect of delay on the appellees, and whether the appellant has exhibited 'obstinately dilatory conduct.'" *Matter of Payne*, No. 23-10570, 2023 WL 7314356, at *1.

16. Appellant's failure to timely designate the record and state the issues on appeal constitutes further grounds for dismissal of this appeal, in addition to the untimely Notice of Appeal and the District Court's resulting lack of jurisdiction.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Veritex respectfully requests that the Court dismiss this appeal with prejudice and grant Veritex such other and further relief to which it is justly entitled.

DATED:  August 16, 2024

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kyle Woodard*
    **Joseph M. Coleman**
    State Bar No. 04566100
    SDTX No. 16936
    **Kyle Woodard**
    State Bar No. 24102661
    SDTX No. 3596595

Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: jcoleman@krcl.com
Email: kwoodard@krcl.com

**COUNSEL FOR VERITEX COMMUNITY BANK**

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on August 16, 2024, a true and correct copy of the foregoing document was filed with the Court and served (i) via the Court's CM/ECF system upon all parties registered to receive such electronic service in this case and (ii) upon the following parties in the manner indicated:

*Via email and first-class mail, postage prepaid, to Appellant:*
Ali Choudhri
2425 West Loop South, Suite 1100
Houston, TX 77027
Email: ali@jetallcapital.com

*Via email to Counsel for Galleria West Loop Investments, LLC:*
Azhar Mahmood Chaudhary
Azhar Chaudhary Law Firm, PC
440 Louisiana, Ste 900
Houston, TX 77002
Email: attorney@chaudharyjd.com

*Via email to Counsel for Gene McCubbin d/b/a PopLabs:*
Kevin M Madden
Law Offices of Kevin Michael Madden PLLC
16310 State Highway 249, Unit 1304
Houston, TX 77064
Email: kmm@kmaddenlaw.com

*Via email to Counsel for the United States Trustee:*
Jana Smith Whitworth
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
Email: jana.whitworth@usdoj.gov


                                                      */s/ Kyle Woodard*
                                                        Kyle Woodard